“ The court is of opinion, that the female ancestor of the slave in the declaration mentioned having been loaned by David Mead to Rolfe Eldridge, and the said Rolfe Eldridge having remained in possession of the said slave more than five years since the commencement of the act to prevent frauds and perjuries,(a) without any demand made on the pari of the lender; and the deed, under which, the appellant claims the said slave, in trust for the benefit of Susannah Eldridge, not having been duly recorded in any court contemplated by that act, the same is not competent to do away the effect of such possession enuring in favour of the creditors of, or purchasers under, the said Rolfe. Eldridge; and as to the. notice whirl' *546 is alleged in the bill of exceptions to have existed, in the creditor under whose execution the appellee purchased, and in the said appellee himself, of the existence of the said deed of trust, the court is further of opinion that, under the true construction of the act aforesaid, the lapse of five years’ possession, as aforesaid, was intended to shut up and conclude all inquiries as to such notice, and to avoid the perjuries arising therefrom, in relation to Controversies between persons claiming the property loaned as aforesaid under the lender, and the creditors of, and purchasers under, the persons so remaining in possession : on this ground, (without deciding on any other,)(1) the court is o.f opinion, that the judgment of the district court is right, so far as it goes; but that the said district court ought to have given an instruction to the county court, on such a new trial, corresponding with the principles now declared.”
Judgment affirmed, adding such direction; and the cause ordered to be sent to the superior court, and from thence to the county court, for a new trial to be had therein.

 1 Rev. Code, c. 10. s. 2.

 This court did- not decide the point, (which in this case it was not cescary to decide,) whether the instruction given by the county court to the jury,that, upon the evidence the law was in favour of the plaintiff,” was too general or not; but from the case of Fisher’s Executor v. Duncan and Turnbull, 1 H. & M. 563. it appears that the instruction in this case was erroneous, since,(though it seemed to relate to the law only,) in effect, it declared the sufficiency of the evidence, not only in point of lav/, but as establishing facts, to authorize a verdict for the plaintiff. Instructions may be founded on facts admitted by the parties; otherviso, they should be provisional, that, <e if the jury shall be of opinion that certain facts are proved, the lav/ arising upon those facts is so aud go:1 *******9’ but the court ought not to express its opinion to <he jury as to the of the evidence going to prove the S/cis,